**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    Plaintiff,

  **-vs-**

                         **Case No. 02-CR-221**

**MARCUS BENNETT,**

    Defendant.

## DECISION AND ORDER

This matter is before the Court with respect to two motions filed by the Defendant, Marcus Bennett ("Bennett"), requesting appointment of counsel. (ECF No. 73 & 74.) In seeking appointment of counsel, Bennett cites *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (June 17, 2013).

On February 2, 2009, Bennett's criminal conviction, following his entry of a guilty plea, was affirmed on appeal by the Court of Appeals for the Seventh Circuit. (ECF No. 65.) On January 26, 2012, this Court entered an order denying Bennnett's motion for a reduction of sentence. (ECF No. 72).

Bennett has no matter currently pending before this Court for which counsel could be appointed to represent him. Furthermore, *Alleyne* announced a new rule of constitutional law that is an extension of *Apprendi v. New Jersey*, 530 U.S. 466

(2000).[1]  The Supreme Court has held that other rulings that are an extension of *Apprendi* are not retroactive and, therefore, the Supreme Court is unlikely to declare that *Alleyne* is retroactive.  *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  Therefore, Bennett's motions for appointment of counsel are denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Bennett's motions for appointment of counsel (ECF Nos. 73 & 74) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

[1] At the time of Bennett's sentencing, either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence. *Harris v. United States,* 536 U.S. 545 (2002).  *Alleyne* overrules *Harris* and holds that a judge cannot make this decision unless the defendant waives his right to a jury.